UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
United States of America           \*
                                   \*
                                   \*
v.                                 \*       Case No. 1:07-cr-0030-PB
                                   \*
Roselyn Adeyeye                    \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**08 CRIM 050**

**MOTION TO TRANSFER VENUE PURSUANT TO FED. R. CRIM. P. 21(b)**

Defendant Roselyn Adeyeye, by and through her counsel, Kacavas Ramsdell & Howard, P.L.L.C., respectfully requests that this Court transfer this case to the United States District Court for the Southern District of New York.. As grounds therefor, the defendant says:

1. Ms. Adeyeye was indicted by a federal grand jury sitting in the District of New Hampshire on January 24, 2007, on one count of false statement under 18 U.S.C. § 1001 in connection with a passport renewal application. The alleged material false statement involved a claim of U.S. citizenship when Ms. Adeyeye attempted to renew her passport in May 2003. The matter was investigated in New York, where Ms. Adeyeye and her family reside. She was arrested in New York City on April 23, 2007, and appeared before Magistrate Blanche of the United States District Court for the Southern District of New York. She waived an identity hearing, and was released on conditions as well as a $20,000 Personal Recognizance Bond. Ms. Adeyeye waived arraignment in this Court and she has been on pretrial release since that time.

2. Roselyn Adeyeye is 55 years old and has lived in the United States for nearly 30 years. She is the mother of five adult children, two of whom have completed college and the

youngest of whom began college this year. She has four grandchildren between the ages of 4 and 13, and is the primary caretaker for them because of health issues with their mother, Roselyn's daughter. She is a registered nurse who holds two full-time jobs: one is with a nursing home where she has worked for 20 years; the other is with an elementary school in the New York City school system. She serves as a Deaconess in her church in Brooklyn, New York.

3. Ms. Adeyeye is a native of Nigeria where she was born in 1952. In 1978, nearly 30 years ago, she made arrangements to purchase a U.S. passport and birth certificate and travel to the United States. In July of 1978, she traveled to the Ivory Coast to obtain the documents and thereafter she used the passport to fly to the United States, landing at JFK Airport in New York.

4. Shortly after her arrival in the United States, Roselyn met her common law husband John Adeyeye in New York. He was in the United States on a Student Visa at the time, and eventually he became a naturalized citizen of the United States. He is now retired after a twenty-year career as a New York State corrections officer. The two have lived in Brooklyn for over two decades. During that time, Roselyn applied for and received two renewed passports. In the instant matter, she was applying for a third renewal in May 2003 when her application garnered the attention of inspectors at the passport center in Portsmouth, New Hampshire. Roselyn was interviewed in New York by Diplomatic Security agents, with counsel present, in March 2005 and admitted to the conduct and her history.1

---

1 According to the agent's report, after the March 2005 interview, Roselyn's case was presented to the appropriate United States Attorney's Office in New York who declined prosecution.

2

5.      Based on the foregoing information, and other personal information relating to her character, integrity and devotion to family and community, Ms. Adeyeye sought pretrial diversion from the U.S. Attorney's Office as a means of resolving her case. The U.S. Attorney's Office recently declined her proposal, and therefore she has no choice but to defend the matter on the merits. This District is clearly an inconvenient, burdensome and unjust venue in which to try to the matter. Accordingly, Ms. Adeyeye moves for transfer of venue to the Southern District of New York.

6.      Federal Rule of Criminal Procedure 21(b) provides:

> For the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to that defendant or any one or more of the counts thereof to another district.

A decision to grant a change of venue is within the sound discretion of the trial court and is reviewed for abuse of discretion. United States of America v. Brandon, 17 F.3d 409 (1st Cir. 1994).

7.      The transactions and occurrences giving rise to this case originate in Rosedale, New York, which is located in the Southern District of New York. The only connection to New Hampshire is the location of the passport center in Portsmouth. The agents who investigated the case, the prosecution witnesses (except for a possible government witness at the passport center who will testify to having received the application there), the defense witnesses, and the defendant herself, all hail from New York. Accordingly, there would be no prejudice to the government to pursue this prosecution in New York. Indeed, it would be more convenient for the government because the investigating agents who interviewed Ms. Adeyeye

are from New York. Conversely, Ms. Adeyeye has to suffer the financial and logistical burden of defending her case here, which would include securing defense testimony from New York.

8. Ms. Adeyeye has no connections in the District of New Hampshire whatsoever. It would truly be a hardship for her to be forced to endure the additional expense of coming to New Hampshire to meet with her attorney in order to prepare for trial, and to participate in the trial itself. She has two full-time jobs as a nurse in a nursing home and with the New York City school system. She would be displaced for significant periods of time from those jobs if the matter is tried here. More importantly, she is the primary caretaker for the young children of her mentally challenged daughter. Those children would suffer from her prolonged absences if the matter is tried here. United States v. Cashin, 281 F.2d 669 (2d Cir. 1960) (recognition of the defendant's interest in trying the case in a district that is his home base is a proper consideration in determining a venue transfer issue pursuant to Rule 21(b)). In addition, as mentioned above, Ms. Adeyeye is deeply involved in her church and community, and likely will not have the support of the people in her hometown during the trial.

9. AUSA Alfred Rubega objects to the relief sought in this motion.

10. No further memorandum is necessary as the grounds for the motion are adequately set forth herein.

WHEREFORE, the defendant respectfully requests that the Court transfer venue of this matter to the Southern District of New York.

          Respectfully submitted,

          ROSELYN ADEYEYE
          By Her Attorneys,

          KACAVAS RAMSDELL
          & HOWARD, P.L.L.C.

Dated: December 11, 2007        By:  /s/Mark E. Howard
                                    Mark E. Howard (#4077)
                                    175 Canal Street
                                    Manchester, NH 03101
                                    (603) 625-1254

## CERTIFICATE OF SERVICE

     I hereby certify that I have this date forwarded via ECF filing the foregoing Motion to Transfer Venue to AUSA Alfred Rubega.


Dated: December 11, 2007        By:  /s/Mark E. Howard
                                    Mark E. Howard

U.S. District Court

District of New Hampshire

**Notice of Electronic Filing**

The following transaction was entered on 1/2/2008 at 2:57 PM EST and filed on 12/30/2007
**Case Name:**       USA v. Adeyeye
**Case Number:**     1:07-cr-30
**Filer:**
**Document Number:** No document attached

**Docket Text:**
ENDORSED ORDER granting [18] Motion for Change of Venue as to Roselyn A. Adeyeye (1). *Text of Order: Granted* So Ordered by Judge Paul J. Barbadoro. (jar)


1:07-cr-30-1 **Notice has been electronically mailed to:**

Mark E. Howard     mhoward@krhlaw.com, daiguier@krhlaw.com, tleppard@krhlaw.com

Alfred J.T. Rubega     alfred.rubega@usdoj.gov, Nanci.Mikan@usdoj.gov, USANH.ECFCriminal@usdoj.gov, USANH.ECFDocket@usdoj.gov

1:07-cr-30-1 **Notice, to the extent appropriate, must be delivered conventionally to:**